VAN–054 Memorandum to Debtor(s) – Rev. 09/28/2018

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### Raleigh Division

IN RE:  
Sukai Ceesay  
103 Longbridge Drive  
Cary, NC 27518

CASE NO.: 19–04130–5–SWH

DATE FILED: September 9, 2019

CHAPTER: 7

## MEMORANDUM TO DEBTOR(S)

It appears that you have filed a bankruptcy petition without the assistance of an attorney. The purpose of this memorandum is to provide you with as much information as possible without providing legal advice. The clerk's office, the court and the trustee will be unable to provide legal advice to you. To do so would be in direct violation of the ethical codes by which our conduct is governed.

You should read all notices you receive from the court very carefully. Notices provide important dates by which certain actions must be taken. You will receive an Order and Notice to Debtor that will provide more detailed instructions that apply to your case.

The meeting of creditors required by Section 341 of the Bankruptcy Code will be scheduled within the next 60 days. By law, you are required to attend this meeting. Failure to attend the meeting will result in an order being entered directing you to appear in court and show cause as to why your case should not be dismissed or your discharge denied. After the hearing, if you are allowed to continue with your case, another 341 meeting will be set. Having to attend two hearings is an imposition on your time and that of the court. To avoid extra hearings, it is essential that you appear when you are directed to do so. Your case will not proceed until you have attended the 341 meeting,

If emergency situations arise that might prevent you from attending any hearing, you must notify the court in writing immediately. Otherwise, the court may assume you have no interest in the matter being heard and rule in the favor of the other party.

You should keep the court informed in writing at all times of your current mailing address and your telephone number.

Failure to answer any questions in the bankruptcy forms could be construed as an attempt by you to conceal information or delay or hinder creditors. This could cause you not to receive a discharge.

If your petition did not contain certain statements or schedules that are required to be filed, you will be notified and given a specified time within which to correct the deficiency. Failure to correct any deficiency could result in automatic dismissal under certain circumstances or in additional hearings leading to the dismissal of your case or the denial of your discharge.

If you requested a waiver of the requirement to obtain budget and credit counseling during the 180–day period preceding the filing of the petition, you must obtain the counseling no later than 30 days from the date the case was filed. Failure to obtain the counseling could result in dismissal of your case. Should your case be dismissed and you file another petition within one year, the automatic stay may be limited to 30 days or may not go into effect absent a motion and order imposing or extending the automatic stay.

All correspondence and documents submitted for filing should be mailed to P.O. Box 791, Raleigh, NC 27602. If you need assistance in person, you may visit the clerk's office at 300 Fayetteville Street, Room 445, Raleigh, NC 27601.

The name and contact number for the deputy clerk assigned to your case is as follows: Roxanne Parker (919)334–3803 . While that deputy clerk cannot provide you with legal advice, you may contact the clerk for clarification of hearing dates, location of hearings, etc. If you present questions that go beyond the scope of the clerk's ability to be of assistance, you will be told so politely.

If you intend to proceed without representation of counsel, you must be prepared to assume full responsibility for the outcome of your case.

DATED: September 9, 2019

                                              Stephanie J. Butler
                                              Clerk of Court